[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO DISMISS
The parties to this action were divorced on August 28, 1984. The parties have two children, Nicholas, born on December 19, 1980 and Gabrielle born on December 11, 1982. Custody of the parties' children was awarded to the mother, Kathleen Meglio. In July 1997, the mother relocated to Massachusetts to live with her new husband. On August 31, 1998, the father, Edward Meglio, filed a motion to transfer custody of the children to him. On September 21, 1998, the court entered an initial ruling granting this motion and suspending child support. On October 19, 1998, the court issued a supplemental order suspending the September 21, 1998 order transferring custody to the father pending further court proceedings. Pending before the court is the mother's motion to dismiss the father's motion to modify on the ground that the court does not have jurisdiction. Two issues are raised in the motion to dismiss. First, the mother contends that the State of Massachusetts is a necessary party to the action because the state has assumed custody over Gabrielle pursuant to a child in need of services proceeding initiated by the mother. Second, the mother contends that Connecticut lacks jurisdiction under the Uniform Child Custody Jurisdiction Act, C.G.S. Sec. 46b-90, et. seq ("UCCJA"). The court resolves these issues as follows:
1. First, the court does not view the state of Massachusetts CT Page 2295 as being a necessary party to this lawsuit. This court has jurisdiction over the father and the mother, and therefore, has the authority to adjudicate the custody issue as between them. Stated differently, any party who may be awarded custody by this court will acquire authority to deal with the Massachusetts' authorities concerning Gabrielle's care and well-being just as the mother did when she initiated the juvenile proceedings and just as she does now.
2. The court finds that the father has a significant connection with Connecticut and there is substantial evidence concerning the children's present care, well-being, and personal relationships in this state. Consequently, the court's jurisdiction may be based on Section 46b-93(a)(2) of the UCCJA, except that the court also concludes that under the present circumstances, it would not be in Gabrielle's best interests for this court to assume jurisdiction over the custody dispute despite these findings. The record is unclear whether the juvenile proceedings pending in Massachusetts technically fit into the term "custody proceedings" as contemplated under Connecticut's version of the UCCJA. Compare Uniform Child Custody Jurisdiction Act (U.L.A.), Sec. 2(3) (defining "custody proceedings" as contemplated under Connecticut's version of the UCCJA. Compare Uniform Child Custody Jurisdiction Act (U.L.A.), Sec. 2(3) (defining "custody proceedings" as including "child neglect and dependency proceedings"); with C.G.S. Sec. 46b-92(3) (defining "custody proceedings" without reference to child neglect or dependency proceedings.) The Connecticut action would have to be stayed if the Massachusetts proceedings were proceedings within the meaning of and in substantial conformity with the UCCJA. See C.G.S. § 46b-93. In any event, the pendency of the Massachusetts proceedings must mitigate against this court exercising any jurisdiction that it may have over Gabrielle at this time. Contrary to the father's position, the court cannot find that the mother's initiation of the Massachusetts child in need of services proceedings was irresponsible or inappropriate. Gabrielle ran away while she was under the supervision and custody of Massachusetts state authorities and her present whereabouts are now unknown. There is evidence that she may still be in Massachusetts and issues regarding her custody can be more appropriately addressed there as compared to here. The court credits the mother' s sincerity in her desire to locate her daughter and the court has not received any credible evidence to question the efforts of the Massachusetts officials to locate Gabrielle. The father questions CT Page 2296 the wisdom of relocating Gabrielle to Massachusetts, but he failed to pursue an objection to the relocation and did not seek custody of Gabrielle on this ground at that time. The father also contests the lack of information and communication from the mother to him about Gabrielle, but none of those claims support a transfer of custody to him under all the circumstances of this case.
3. The father has withdrawn his request for him to have custody of Nicholas and this request is now moot because Nicholas turned 18 years old in December 1998. Nicholas is no longer living with either parent and is not in school.
Thus, the motion to dismiss is denied on the ground that the court has the authority to exercise jurisdiction under Section 46b-93(a)(2), but the court declines to exercise this jurisdiction over the custody of Gabrielle at this time under the present circumstances. All other orders issued by the court on September 19, 1998 and October 28, 1998 shall remain in force concerning the suspension (not termination) of the father's child support obligation and the obligation of the parties to communicate to each other. The court intended to suspend not terminate the father's child support obligation in its September 21, 1998 order.
Dated February 19, 1999.
Stevens, J.